UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMINUM FOUNDRY COMPANY, INC.,

Plaintiff,

v. Case No. 24-C-1093

WHIPPLE INDUSTRIES, INC.,

Defendant.

---

**ORDER GRANTING MOTION FOR APPROVAL OF ELECTRONICALLY STORED INFORMATION DISCOVERY PLAN**

---

On October 2, 2024, Plaintiff filed a joint motion for entry of stipulated electronically stored information discovery (ESI) plan. Dkt. No. 19. Pursuant to that motion and the parties' agreement, the Court adopts the parties' proposed order.

**IT IS THEREFORE ORDERED** that the procedures and protocols outlined herein govern the production ESI by a party during the pendency of this litigation as described in Federal Rules of Civil Procedure 26, 33, 34, 37, and 45.

## I. PURPOSE

This Stipulated Order will govern the production of ESI in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable local orders and rules. The parties each reserve the right to seek exceptions, amendments, or modifications to this Order from the Court for good cause shown.

## II. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter on the production of ESI.

## III. PARTIES' AGREED TERMS

### A. Scope

1. As used in this Agreed Order, the term ESI means discoverable documents and data existing in electronic form consistent with Fed. R. Civ. P. 34(a), including e-mail, writings, drawings, graphs, charts, photographs, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after export by the responding party into a reasonably usable form, and other reasonably accessible electronically stored information relevant to the claim(s) or defense(s) of any party subject to discovery pursuant to Fed. R. Civ. P. 26(b)(1).

2. Nothing in this Agreed Order shall supersede the provisions of any Court-approved Protective Order entered in this case.

3. Production Specifications. To the extent a party would like documents or other ESI to be produced in a particular format, it shall specify that format in its document requests. The responding party shall take reasonable steps to produce materials in that format, and if it cannot do so, due to cost, burden, or other reason, the parties shall meet and confer to reach a reasonable compromise.

4. Bates Numbering. Each page of a produced document produced in TIFF/JPG format shall have a legible, unique page identifier (Bates number) electronically "burned" onto the image at a location that does not obliterate, conceal or interfere with information from the source document. Any native file shall be renamed to be a single Bates number and the original file name shall be produced in the metadata load file.

5. Confidentiality Designation. Responsive documents produced shall be stamped with the appropriate confidentiality designation at a location that does not obliterate or obscure information from the source document in accordance with the Protective Order in this

case. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

6. Production Media. The producing party shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface), secure data transfer link, or such other readily accessible computer or electronic media as the parties may hereafter agree upon. If the producing party uses physical media (the "Production Media") as opposed to a file transfer link, each piece of Production Media shall be assigned a production number or other unique identifying label corresponding to the date of the production of documents on the Production Media (e.g., "Plaintiff Production Nov. 15 2024") as well as the sequence of the material in that production wave (e.g., "-00001", "-00002"). For example, if the production comprises document images on three DVDs, the producing party may label each DVD in the following manner "Plaintiff Production Nov. 15 2024-00001," "Plaintiff Production Nov. 15 2024-00002," "Plaintiff Production Nov. 15 2024-0003." Additional information that shall be identified on the physical Production Media includes: (1) text referencing that it was produced in *Wisconsin Aluminum Foundry Company, Inc. v. Whipple Industries, Inc.*, Case No. 24-CV-01093-WCG (E.D. Wis.) (2) the Bates number range of the materials contained on the Production Media; and (3) the confidentiality designation(s) if the documents qualify for confidential treatment pursuant to the terms of the Protective Order in this matter. The parties may also produce documents via a secure FTP site or password protected file share in lieu of producing the documents on physical media.

7. Security. All parties shall make reasonable efforts to ensure that productions are free from viruses and that any copy of a production on physical media or FTP site is encrypted or password protected. Any copies made of the production for internal use should also be encrypted or stored on a computer system that requires a password to access.

**B. Privilege**

1. Privilege Logs. A party withholding documents based on one or more claims of privilege will produce a privilege log within a reasonable time period after producing the documents pursuant to the specific production request. The parties may modify the deadlines for production of the privilege logs by agreement.

When there is a chain of privileged e-mails contained within one record, the producing party need only include one entry on the privilege log for the entire e-mail chain, and need not log each e-mail contained in the chain separately, provided that the description of the e-mail chain is accurate as to all e-mails in the chain.

If a "family" of documents is entirely privileged, each document in the family shall be listed on the privilege log as a "family." In the event a "family" of documents exists that contains both privileged and non-privileged documents, the parties agree that the privileged documents in the family may be replaced with a slipsheet indicating "Privileged - Document Withheld." The withheld document will be logged and the remaining non-privileged documents in the "family" will be produced. The Bates number of the slipsheet for the document withheld in this manner will be provided.

Privileged attorney-client communications with in-house or outside counsel and attorney work-product, in each case created in anticipation of this litigation or after the date the action was commenced (July 23, 2024), do not need to be logged. In addition, a party's privileged communications with its outside counsel advising that party on litigation or investigatory matters other than this case, whether before or after the date the action was commenced, do not need to be logged.

2. Disclosure of Privileged Information. Should any party produce privileged ESI, the producing party shall so notify the receiving party in writing after discovering the

production, and the receiving party shall promptly sequester the document and all copies of it. If the parties are using a review database, the privileged document should be replaced with a slipsheet indicating the document was sequestered pending the resolution of the issue. Where applicable, the parties do not need to remove any copies that may remain on server backups after deletion from the active computer system. The parties will meet and confer as to how to handle the original production containing the privileged document, i.e., whether the original production may be maintained with the privileged document or whether the producing party will provide a replacement production with a slipsheet inserted where the privileged document was located. Within a reasonable period of time thereafter, in accordance with the Protective Order, the party claiming privilege must furnish information to the requesting party supporting its claim of privilege.

3. Non-waiver of Privilege Under F.R.E. 502(d). The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Agreed Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). However, nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of its own documents, ESI, or information (including metadata), for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing herein shall limit the receiving party from arguing that the document is not in fact privileged, in accordance with the Protective Order. Rather, this paragraph is intended only to prohibit arguing that the document has lost its privilege due to production.

**C. Timing and Sequencing of Electronic Discovery**

The parties shall meet and confer to arrange an orderly production of ESI. Rolling productions are encouraged and will be discussed by the parties as they meet and confer.

**D. Exceptions to Protocol**

If the forms of production allowed by this protocol present an undue burden or cost for a producing party, the parties shall meet and confer to agree on a reasonable, alternative form of production. Any party may file a motion to seek individual relief from this protocol.

**E. Costs of Production**

Each party will presumptively bear its own costs of production. However, the parties reserve the right to seek cost shifting, and/or to object to any proposed cost-shifting, as appropriate at a later time. Nothing in this Agreed Order is intended or should be interpreted as affecting, in any way, a parties' rights to seek reimbursement for costs associated with the collection, review, and/or production of documents as allowed by law.

**F. Discovery, Admissibility, and Objections**

1. Nothing in this Agreed Order shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at the appropriate time.

2. Nothing in this Agreed Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and/or ESI.

3. Nothing in this Agreed Order is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third parties to object to a subpoena.

## G. Authenticity

Nothing in this Agreed Order shall be construed to affect the authenticity or admissibility of any document or data. All objections to the authenticity or admissibility of any document or data are preserved and may be asserted at any time.

## H. Third-Party Production

1. A party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this Agreed Order with the subpoena and state that the parties to the litigation have requested that third parties produce documents in accordance with the specifications set forth herein.

2. The Issuing Party is responsible for promptly producing any documents obtained under a subpoena to all other parties.

3. The Issuing Party shall produce to all other parties the documents obtained under a subpoena in the format in which such documents are received by the Issuing Party.

4. If the non-party production is not Bates-stamped, to the extent feasible and not unreasonably cost-prohibitive, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

Dated at Green Bay, Wisconsin this 4th day of October, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge