UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN ALUMINUM
FOUNDRY COMPANY, INC.,

                    Plaintiff/Counter-Defendant,

    v.                                      Case No. 24-CV-1093

WHIPPLE INDUSTRIES, INC.,

                    Defendant/Counter-Plaintiff.

## ORDER

Wisconsin Aluminum Foundry Company, Inc. ("WAFCO") filed this action against Whipple Industries, Inc. ("Whipple") alleging Whipple failed to pay for components supplied by WAFCO and made disparaging remarks to another WAFCO customer. (ECF No. 40 at 2.) Whipple countersued, alleging WAFCO breached the parties' contract by failing to deliver components that met the agreed-upon specifications. (ECF No. 32 at 2.)

Whipple now seeks leave to amend its counterclaim to include claims for fraud, misrepresentation, and deceptive trade practices (ECF No. 31-1 at 13-14.) WAFCO asserts the amendments are untimely and futile because Whipple did not satisfy the heightened pleading standard for fraud and the claims fall outside the statute of limitations. (ECF No. 40 at 1.) For the reasons set forth below, the court will grant Whipple's motion for leave to amend the counterclaim.

## I. Good Cause

The court begins with the specific language in the scheduling order: "Amendments to the pleadings may be filed without leave of court on or before October 3, 2024. Fed. R. Civ. P. 15 will apply to any amendment filed after that date." (ECF No. 17 at 1.) WAFCO and Whipple dedicate a portion of their respective briefs to argue whether good cause exists for the proposed amendment. But the good cause standard of Rule 16(b)(4) governs the amendment of pleadings only if the amendment requires modification of the scheduling order. *See Financial Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F. 4th 654, 667 (7th Cir. 2022); *Anderson v. Weinert Enterprises, Inc.*, 2019 WL 3986345 (E.D. Wis. 2019). The scheduling order did not set a deadline for amended pleadings – rather, it set a deadline by which a party could amend without having to seek leave under Rule 15. Because Whipple is not requesting a modification of the scheduling order it does not need to satisfy the good cause standard of Rule 16(b)(4). *See* Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021) (holding that district court erred in applying the good cause standard to a motion to amend when the scheduling order set a deadline only for amendment of pleadings without leave of the court).

Nonetheless, insofar as good cause is necessary, the court finds that Whipple has demonstrated the necessary diligence. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citing *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)) ("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment."). Whipple was diligent in moving for leave to amend following new

discovery (ECF Nos. 32-1, 32-3, 32-4, 32-6) produced by WAFCO's independent sales agent in June.

## II. Rule 15 Analysis

A court should freely give leave to a party to amend its pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Reasons for denying a motion to amend include undue delay, bad faith, undue prejudice to the opposing party, and/or futility of the amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

### a. Futility

WAFCO contends that Whipple's proposed amendment is futile, because the new claims fail to meet the heightened pleading standard under Rule 9(b) and are barred by Wisconsin's statute of limitations. (ECF No. 40 at 11-13.) An amendment is futile if the amended claim would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.,* 760 F.3d 674, 685 (7th Cir. 2014). Thus, the standard for futility tests the sufficiency of the counterclaim and not the merits of the suit. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 524 (7th Cir. 2015) ("But when the basis for denial is futility, we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim."); *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir.1990). Whipple's amendment must "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must construe

all factual allegations as true and draw all reasonable inferences in the claimant's favor. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018).

In its proposed amendment, Whipple asserts claims of fraudulent inducement, misrepresentation, and deceptive trade practices. (ECF No. 31-1 at 13-14.) To plead fraud under Rule 9(b), a plaintiff must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to plaintiff." *See* Fed. R. Civ. Pro. 9(b); *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir. 1992). The particularity requirement "call[s] for the first paragraph of any newspaper story: the who, what, when, where, and how." *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 569 (7th Cir. 2012) (citations omitted).

Whipple's proposed amendment satisfies the Rule 9(b) particularity requirement. Whipple answers "the who" by identifying several individuals who made alleged misrepresentations regarding machining abilities and on-time delivery. (ECF No. 31-1 at 3-6, 8.). Numerous email communications included in the proposed amended counterclaim point to the "what, when, where, and how." (ECF No. 31-1 at 3-6, 8.)

Nor does WAFCO's interpretation of the communications make the amendment futile. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (citing *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir.1997) ("Our task in reviewing the sufficiency of a complaint … is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims") (internal quotations omitted)). Accepting Whipple's allegations as true and giving Whipple the benefit of all reasonable inferences, *Sloan,* 901 F.3d at 893, Whipple has sufficiently pled with particularity to proceed with the amended claims at this stage. *See AnchorBank, FSB v. Hofer,* 649 F.3d 610, 618 (7th Cir. 2011) ("Whether they are able to support the complaint's allegations and raise a genuine issue of material fact for trial, or whether they will ultimately prevail in their suit … are separate questions that are not properly decided under the procedural vehicle of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss").

WAFCO alternatively argues Whipple's proposed amendment is barred by the applicable statute of limitations. (ECF No. 40 at 12.) Wisconsin Statute § 893.93(1m)(b) provides that an action for relief on the ground of fraud will be barred if not commenced within three years. Accrual does not begin, however, "until the discovery, by the aggrieved party, of the facts constituting the fraud." Wis. Stat. § 893.93(1m)(b).

A motion for leave to amend should be denied only where the complaint "plainly reveals" the action is time-barred. *Campbell v. Freedom Mortg. Corp.,* No. 22 CV 1479, 2023 WL 1345652, at *1 (N.D. Ill. Jan. 31, 2023) (citing *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014)). And under Wisconsin law, whether a claim of fraud is timely cannot be resolved by a motion to dismiss if the date of accrual is not clear in the complaint. *See Rajaraman v. GEICO Indem. Co., Gov't Emps. Ins. Co.*, No. 23-CV-425-JPS, 2023 WL 5017181, at *4 (E.D. Wis. Aug. 7, 2023) (citing *John Doe 1 v. Archdiocese of Milwaukee,* 734

5

N.W.2d 827, ¶ 62 (Wis. 2007) ("[W]e deny the motion to dismiss the fraud claims because we conclude that, based solely on the complaints, we cannot determine when the plaintiffs knew or should have known of the Archdiocese's alleged knowledge…").

WAFCO contends Whipple "had reason to know the timeliness representations were false as soon as December 2020 when WAFCO failed to meet a delivery deadline." ((ECF No. 40 at 13.) In its reply, Whipple counters it "did not have knowledge until at least June 2025 that WAFCO was fully aware of – and misrepresented – its inability to meet these tolerances during the negotiations." (ECF No. 42 at 8.) An untrue statement is not necessarily a fraudulent one. *See Law v. Medco Rsch., Inc.,* 113 F.3d 781, 786 (7th Cir. 1997) ("In the case of a suit complaining of a false registration statement, all he has to know is that the statement was untrue; so, as soon as he knows or should know that, the one-year period begins to run. In a fraud case, he needs to know more: that the defendant has made a representation that was *knowingly* false." (emphasis in original)). Because the amendment can be fairly read as alleging Whipple became aware of the alleged fraud only recently, its counterclaims do not "plainly reveal" the action is time-barred and must be allowed to stand at this stage. *See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004).

### b. Prejudice

Finally, WAFCO claims that it will be prejudiced by further delay if Whipple is granted leave to amend. (ECF No. 40 at 13-14.) The court is unpersuaded. A trial date has yet to be set, and under the most recent order granting the parties' joint

motion to extend discovery deadlines (ECF No. 37), the parties have until December 3, 2025, to complete their discovery. WAFCO has not cited alternative reasons that would supersede Rule 15's requirement that courts should freely give leave to amend when justice so requires.

Nor does the record support a finding of bad faith or undue delay. As set forth above, Whipple did not unduly delay in amending the counterclaim and does not appear to be doing so in bad faith. Whipple acquired new evidence through discovery and then promptly sought leave to amend. *See Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2007 WL 1029089, at *2 (N.D. Ill. Mar. 29, 2007) ("Where the claim was previously unknown or could not have been added earlier, courts are more likely to find excusable delay").

### III. Procedural Issues

Finally, there is a minor matter as to the form of Whipple's proposed amended counterclaim. Any motion to amend a pleading must include the proposed amended pleading as an attachment. Civ. L.R. 15(b). Any amended pleading "must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civ. L.R. 15(a).

Whipple submitted a proposed amended counterclaim. However, a counterclaim is not itself a pleading. *See* Fed. R. Civ. P. 7(a) (specifying the types of pleadings). Rather, a counterclaim must be in a pleading, Fed. R. Civ. P. 13(b), and here that pleading is Whipple's answer. Thus, to add counterclaims, Whipple must file an amended answer that includes the new counterclaims. To hold otherwise

would run afoul of Civil Local Rule 15(a), which prohibits piecemeal pleadings. Therefore, the court will grant Whipple's motion but require that it promptly file an amended answer that includes the new counterclaims.

**IT IS THEREFORE ORDERED** that Whipple's motion for leave to file an amended counterclaim (ECF No. 34) is **GRANTED.** Whipple must file an amended answer within seven days of this order.

**IT IS FURTHER ORDERED** that the parties' motions to restrict documents (ECF No. 38; ECF No. 41) are **GRANTED**. The unredacted briefs and exhibits in support (ECF No. 35; ECF No. 42) and opposition (ECF No. 40) of this instant motion will remain restricted on the docket.

Dated at Green Bay, Wisconsin this 22nd day of September, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
